Deborah Ann PIPKIN, by her guardian ad litem, Edna H. Pipkin (Third-party plaintiff),

v.

DEPARTMENT OF HIGHWAYS AND TRANSPORTATION of the State of Delaware (Third-party defendant).

Superior Court of Delaware, New Castle.

Jan. 28, 1974.

Morton Richard Kimmel, of Kimmel & Spiller, Wilmington, for third-party plaintiff.

Johanna D. Drooz Yoffie, Deputy Atty. Gen., for third-party defendant.

## OPINION

CHRISTIE, Judge.

This is a third-party action brought against the Department of Highways and Transportation of the State of Delaware by Deborah Ann Pipkin, one of two defendants named in a negligence action arising out of an automobile accident which occurred on September 11, 1971. The State Highway Department has moved pursuant to Rule 12(b)(6) to dismiss the third-party complaint for failure to state a claim upon which relief may be granted.

The automobile accident occurred while the third-party plaintiff was attempting to make an illegal U-turn on Interstate 95. The third-party plaintiff contends that she is entitled to indemnity from the State Highway Department for any damages which may be recovered against her in the negligence action inasmuch as she contends

that the State Highway Department negligently failed to post adequate traffic signs indicating that U-turns were prohibited on Interstate 95.

■ Before turning to the grounds for the State Highway Department's motion to dismiss, it should be noted that this motion must be treated as one for summary judgment and disposed of as provided in Rule 56 as the State Highway Department has presented matters outside the pleading, i. e., the deposition and affidavit of one Arnold R. Olsen, in support of its motion to dismiss. See Superior Court Rule 12(b), Del.C.Ann.

Both parties agree that this third-party action against the State Highway Department is barred by the doctrine of sovereign immunity unless that defense has been waived by legislative action. See Blair v. Anderson, Del.Supr., 314 A.2d 919 (1973); Shellhorn & Hill, Inc. v. State, Del.Supr., 187 A.2d 71 (1962).

The third-party plaintiff contends that the sovereign immunity defense has been waived as to this case by legislative action as evidenced by 18 Del.C. § 6509. This statute provides as follows:

> "The defense of sovereignty is waived and cannot and will not be asserted as to any risk or loss covered by the State insurance coverage program, whether same be covered by commercially procured insurance or by self-insurance, and every commercially procured insurance contract shall contain a provision to this effect, where appropriate."

Although the State Highway Department concedes that there had been at one time a comprehensive general liability insurance policy in existence which probably would have protected the State in connection with the type of negligence here alleged, it points out that such policy was cancelled by the insurance carrier as of March 31, 1971, almost six months before the accident in question occurred. Thus, it is the State Highway Department's position that the waiver provision referred to above is inapplicable in this case inasmuch as there was no insurance coverage at the time of the accident.

As indicated earlier, the State Highway Department has presented the deposition and affidavit of Arnold R. Olsen, who is the Director of the State Insurance Coverage Office. Mr. Olsen stated that the types of insurance coverage which are described in 18 Del.C. § 6509, i. e., commercial insurance and self-insurance, did not exist at the time of the accident and that the General Assembly has yet to appropriate any money for obtaining such insurance.[1]

The third-party plaintiff argues that the question is not whether or not there was an insurance policy in effect at the time of the accident but rather whether or not there was an insurance coverage program in existence at that time. It is her position that there was an existing program at the time of the accident notwithstanding the cancellation of the insurance policy and that sovereign immunity is therefore waived under 18 Del.C. § 6509.

■ Chapter 65 of the Insurance Code, 18 Del.C., contemplates an insurance program consisting of commercial insurance or self-insurance to cover "wrongful acts of State officials and employees". Blair v. Anderson, *supra;* See 18 Del.C. § 6502A(2). The purpose of the General Assembly was to provide protection for both the public and the State by waiving sovereign immunity and permitting mem-

---

1. Mr. Olsen indicated that prior to March 31, 1971, the date of cancellation, the State Highway Department was the only State agency with a comprehensive general liability policy. Following cancellation of the policy by the insurer, the Insurance Coverage Office attempted to secure the same type of coverage not just for the State Highway Department but rather for all State agencies. This attempt proved unsuccessful primarily because the budget requests were denied and because no insurance carrier would write the type of policy which was being sought.

bers of the public to bring suit against the State for alleged wrongful acts while at the same time protecting the State from direct exposure on such claims through a program of insurance coverage. Where, however, there is no commercial insurance or self-insurance program to protect the State against a particular wrongful act, then such wrongful act is not "covered by the State Insurance Coverage Program" and sovereign immunity has not been waived. See Holden v. Bundek, Del.Supr., Civil Action Number 275, 1972, an unreported opinion dated December 28, 1972.[2]

In this case an insurance coverage program consisting of comprehensive general liability insurance coverage had been put into effect by the State. Prior to the accident, however, the insurance coverage was terminated by the insurance carrier. In the absence of renewal or replacement commercial insurance coverage, or without the funding and other steps set forth in subchapter III, 18 Del.C. § 6530 et seq,

dealing with self-insurance, there is no waiver of sovereign immunity under the provision of 18 Del.C. § 6509. To decide otherwise would be to expose the State to claims against which it has no protection and as to which it has enacted no effective waiver of sovereign immunity.

Although the parties have raised other questions dealing with whether or not the alleged negligence of the State constitutes "wrongful acts" within the meaning of 18 Del.C. § 6502A(2) and whether or not the placement of traffic signs constitutes a discretionary governmental function for which the State cannot be held liable in tort, these questions need not be decided as it is the opinion of the Court that this third-party action is barred by the doctrine of sovereign immunity.

The State Highway Department's motion to dismiss for failure to state a claim upon which relief may be granted is hereby granted.

It is so ordered.

2. It is noted that despite the finding in the *Holden* case that there was neither commercial insurance nor self-insurance to cover the particular risk in question, the Court denied the State's summary judgment motion, which was based on the defense of sovereign immunity, on the ground that the State had failed to explain why it had not set up an insurance program consisting of insurance coverage.