Adam T. PAJEWSKI, Individually and as next friend of Katherine Pajewski, a minor, Plaintiffs,

v.

Christopher L. PERRY, Individually and as publisher and editor of Delaware Today magazine, et al., Defendants.

Superior Court of Delaware, New Castle.

May 17, 1974.

Jack R. Salley and Arlen B. Mekler of Wise, Lindh, Mekler & Evans, Wilmington, for plaintiffs.

Richard S. Gebelein, Deputy Atty. Gen., for defendants.

## OPINION

CHRISTIE, Judge.

Plaintiffs seek to recover money damages for alleged libel and invasion of privacy arising out of the publication of a magazine article which appeared in the Delaware Today Magazine. The moving defendants are Governor Sherman W. Tribbitt and Jack D. White, Secretary of the Department of Health and Social Services of the State of Delaware, and they are being sued in their official capacity.[1] Plaintiffs allege that the magazine article, which they contend did not conceal their identity, conveyed false as well as confidential information about the plaintiffs' family history which had been gathered by caseworkers and placed on file at the State

---

1. Co-defendants are Christopher L. Perry, who is the publisher of the Delaware Today Magazine, and Delaware Today, Inc.

Division of Social Services. It is alleged that the defendants permitted to be published, caused to be published, or did publish the magazine article in question. In addition, plaintiffs allege that their case history was also made public during a seminar at the University of Delaware.

Defendants move for dismissal of the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

■ Defendants contend that the action is barred by the doctrine of sovereign immunity. The ancient doctrine of sovereign immunity is recognized by Article I, Section 9 of the Constitution of Delaware, Del.C.Ann., which provides that "[s]uits may be brought against the State, according to such regulation as shall be made by law." Sovereign immunity, therefore, is a part of our basic law and constitutes an absolute bar to all suits against the State unless it is waived through enactment of law by the General Assembly. Shellhorn & Hill, Inc. v. State, Del.Supr., 187 A.2d 71 (1962); Wilmington Housing Authority v. Williamson, Del.Supr., 228 A.2d 782 (1967).

Plaintiffs argue that sovereign immunity has been waived by the General Assembly through its enactment of 18 Del.C. § 6509. This statute provides as follows:

> "The defense of sovereignty is waived and cannot and will not be asserted as to any risk or loss covered by the State insurance coverage program, whether same be covered by commercially procured insurance or by self-insurance and every commercially procured insurance contract shall contain a provision to this effect, where appropriate."

Defendants, on the other hand, contend that this waiver provision is inapplicable to this case since there was no insurance coverage or self-insurance program in existence at the time of publication. In support of their motion, defendants have presented the affidavit of Insurance Commissioner Robert A. Short to the effect that there was and continues to be neither commercially procured insurance nor any self-insurance program providing insurance coverage to the State or its officers for libel or invasion of privacy by a State officer or employee.

Plaintiffs, however, contend that the lack of insurance coverage is irrelevant since Chapter 65 of the Insurance Code establishes a mandatory insurance coverage program. It is plaintiffs' position that 18 Del.C. § 6509 in and of itself constitutes an absolute waiver of sovereign immunity without regard to whether or not insurance coverage has been secured pursuant to the mandate of Chapter 65.

■ Chapter 65 of the Insurance Code, 18 Del.C., contemplates an insurance program consisting of either commercial insurance or self-insurance to "protect the public from wrongful actions of State officials and employees." 18 Del.C. § 6502A. As was explained by this Court, however, in the recent case of Pipkin v. Department of Highways, Del.Super., 316 A.2d 236 (1974):

> "The purpose of the General Assembly was to provide protection for both the public and the State by waiving sovereign immunity and permitting members of the public to bring suit against the State for alleged wrongful acts while at the same time protecting the State from direct exposure on such claims through a program of insurance coverage. Where, however, there is no commercial insurance or self-insurance program to protect the State against a particular wrongful act, then such wrongful act is not 'covered by the State Insurance Coverage Program' and sovereign immunity has not been waived."

In an earlier decision, the Court found that although the General Assembly had directed that there be an insurance coverage program to protect the public, the enact-

ment of Chapter 65 did not establish such a program since Chapter 65 was merely an enabling act notwithstanding its mandatory direction. Raughley v. Department of Health and Social Services, Del.Super., 274 A.2d 702 (1971). The Court ruled that it was "implicit that there will be no waiver until there is a program."

As there was neither commercially procured insurance nor a self-insurance coverage program covering libel or invasion of privacy by State officials or employees, 18 Del.C. § 6509 cannot be construed as waiving sovereign immunity in this case.

■ In addition to their contention that sovereign immunity has been waived, plaintiffs have presented additional arguments in opposition to the defendants' motion for dismissal.[2] First, plaintiffs argue that the doctrine of sovereign immunity should be abolished by the Court for various policy reasons. As indicated earlier, however, sovereign immunity is a part of the long established law of this State and can be waived or abolished only by the General Assembly. The Court, therefore, is powerless to act upon plaintiffs' request for abolition of the doctrine of sovereign immunity.

■ Plaintiffs also argue that the Court's construction of 18 Del.C. § 6509, i. e., that sovereign immunity is not waived until there is insurance coverage or a specific self-insurance program covering this type of claim, has rendered the statute unconstitutional as an unlawful delegation of power. Plaintiffs contend that under the Court's construction, the Insurance Coverage Determination Committee[3] has the discretionary power either to provide insur-

ance coverage and thereby protect the public since sovereign immunity will have been waived, or to refuse to provide insurance and maintain the State's immunity from suit. Plaintiffs assert that this is an unlawful delegation of legislative power in that the Committee has the power to suspend the operation of the statute. As indicated above, however, 18 Del.C. § 6509 is merely part of an enabling act which contemplates insurance coverage for the protection of both the public and the State. The fact that the Committee has not acted pursuant to the mandate of Chapter 65 does not in any way suspend the operation of § 6509 which, as has already been decided, only operates to waive sovereign immunity where insurance coverage or a self-insurance program has been provided. For the reasons stated herein, I find that there has been no unconstitutional delegation of legislative authority through the enactment of 18 Del.C. § 6509.

Plaintiffs' last argument is that there is at least one aspect of their case against the defendants which is not barred by the defense of sovereign immunity and that is the allegation that the defendants violated the plaintiffs' constitutional right of privacy. It is the plaintiffs' position that a state cannot shield itself from liability by invoking the doctrine of sovereign immunity where it is alleged that the state has violated someone's federal constitutional rights. Plaintiffs also contend that were the Court to dismiss this action on the basis of sovereign immunity, such dismissal would itself amount to unconstitutional state action under the Fourteenth Amendment since the State would be denying the plaintiffs the opportunity to recover damages for past violations of their constitutional rights.

---

**2.** One such argument is based upon what plaintiffs claim to be a breach of contract. The complaint, however, contains no allegations concerning this claim and the Court will not consider the plaintiffs' arguments along these lines.

**3.** The Insurance Coverage Determination Committee consists of the Governor, the State Auditor, and the Insurance Commissioner. 18 Del.C. § 6502.

■ It must first be noted that, although the Constitution does not expressly mention a right of privacy, the Supreme Court of the United States has recognized that a right of personal privacy extending to family relationships does in fact exist under the Constitution and is found in various places in the Constitution including the penumbras of the Bill of Rights. Griswold v. Connecticut, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510 (1965); Roe v. Wade, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973).

■ Although state courts as well as federal courts have jurisdiction over federal constitutional questions, Taylor v. New York City Transit Authority, E.D.N.Y., 309 F.Supp. 785 (1970), I must rule that the Court lacks jurisdiction in this case over the claims brought against the moving defendants in their official capacity due to the sovereign immunity of the State. While state officials do not enjoy an absolute immunity from suit in all cases,[4] Scheur v. Rhodes, —— U.S. ——, 94 S.Ct. 1683, 40 L.E.2d 90 [42 L.W. 4543, opinion dated April 17, 1974] (1974), under the circumstances here present, i. e., an action for money damages brought against state officials solely in their official capacity, I hold that the action is barred by the doctrine of sovereign immunity.

It is so ordered.

4. The case of Scheur v. Rhodes was a civil rights action for damages which was brought in federal court under 42 U.S.C.A. § 1983. This statute provides as follows:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

The plaintiffs sought to impose individual and personal liability on the defendants, who were state officials, for alleged deprivation of federal rights by the defendants under color of state law. The Court held that the claims were not barred as a matter of law by the Eleventh Amendment's sovereign immunity provision that "[t]he judicial power of the United States shall not be construed to extend to any suit in law and equity commenced or prosecuted against one of the United States by citizens of another State . . . ."

Thus, where state officials are sued in their individual capacity for money damages, dismissal on the ground of sovereign immunity might be improper. Where, however, state officials are sued in their official capacity and only for money damages, sovereign immunity bars the action as a matter of law.